**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT, LLC**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ZTE CORPORATION., ET AL.,**<br><br>    **Defendants** | **CIVIL ACTION NO. 6:16-cv-00375-KNM**<br><br>**SEVERED FROM CIVIL ACTION NO. 6:13-cv-511 (AS CONSOLIDATED WITH 6:13-cv-507)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S THIRD AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this Third Amended Complaint against ZTE Corporation; ZTE (USA) Inc.; ZTE Solutions, Inc.; AT&T Mobility LLC; Cellco Partnership d/b/a Verizon Wireless; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S. Patent No. 7,941,174 ("the '174 patent") and U.S. Patent No. 7,218,923 ("the '8,923 patent").

## **THE PARTIES**

1. Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2. On information and belief, ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

3. ZTE (USA) Inc. is a New Jersey corporation with its principal place of business in Richardson, Texas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

4. ZTE Solutions Inc. (with ZTE Corp. and ZTE (USA) Inc., "ZTE") is a Delaware corporation with its principal place of business in Richardson, Texas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

5. AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

6. Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. This Defendant

does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

7. Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia. This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

8. Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

9. Boost Mobile, LLC (with Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California. This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

10. T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington. T-Mobile USA, Inc. maintains a significant presence in Richardson, Texas and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

11. T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile US, Inc. maintains a significant presence in Richardson, Texas, and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

15.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

16.     CCE incorporates paragraphs 1 through 15 herein by reference.

17.     CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue and recover damages for past

and future infringements. A true and correct copy of the '174 patent is attached as Exhibit A.

18. The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

19. Defendants ZTE, AT&T, and T-Mobile (collectively, the "'174 Defendants) have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: the ZTE Avid 4G, ZTE AVID 828, ZTE Axon, ZTE Axon Pro, ZTE AXON 7, ZTE AXON 7 Mini, ZTE Blade V8 PRO, ZTE Citrine LTE, ZTE Grand Memo II LTE, ZTE Grand S Pro, ZTE Grand X 4, ZTE Imperial, ZTE Imperial II, ZTE Jetpack 4G LTE Mobile Hotspot 890L, ZTE Max Duo LTE, ZTE MF253, ZTE Midnight PRO LTE, ZTE Nubia 5S Mini LTE (a.k.a. ZTE Nubia Z5s Mini LTE), ZTE Overture 2, ZTE Rapido LTE, ZTE 4G LTE Router with Voice, ZTE Source (a.k.a. ZTE N9511), ZTE Supreme, ZTE Unite, ZTE Unite II, ZTE Unite III, ZTE Zpad Tablet, ZTE AVID 916, ZTE Blade Spark, ZTE Blade X Max, ZTE CYMBAL-G LTE, ZTE CYMBAL-C LTE, ZTE CYMBAL-T LTE, ZTE CYMBAL Z-320, ZTE Jasper LTE, ZTE Majesty Pro LTE, ZTE Max XL, ZTE ZFIVE 2 LTE (a.k.a. ZTE Zive 2 LTE), ZTE ZFIVE L LTE, ZTE ZMAX Champ LTE, ZTE ZMAX Grand LTE, ZTE Sprint LivePro, ZTE Max + (a.k.a. ZTE Max Plus), ZTE Pocket Wi-Fi, ZTE Prestige, ZTE Speed (a.k.a. ZTE N9130), ZTE Tempo, ZTE Warp 4G, ZTE Warp 7, ZTE Warp Elite, ZTE Sprint Flash, ZTE Sprint Force, ZTE Sprint Vital (N9810), ZTE Warp Sync, ZTE Warp Sequent, ZTE Blade Vantage Prepaid, and ZTE Cymbal LTE sold or otherwise distributed by or through ZTE; the ZTE Fanfare 2, ZTE Grand X Max 2, ZTE Grand X Max Plus, ZTE Grand

X3, ZTE AT&T Home Base, ZTE ZMAX 2, ZTE Mobley, ZTE Maven, ZTE Maven 2, ZTE Sonata 3, ZTE Trek 2, ZTE AT&T Velocity, ZTE Compel, ZTE Overture (Z995), ZTE Z998 GoPhone (ZTE Unico LTE), ZTE ZMAX 2, ZTE Avail, ZTE Z221 GoPhone, ZTE Z431 GoPhone, ZTE Radiant, ZTE Avail 2, ZTE Sonata 4G, ZTE Preclude, and ZTE Velox sold or otherwise distributed by or through AT&T and/or ZTE (the "'174 AT&T Mobile Devices"); and the ZTE Avid Plus, ZTE Avid Trio, ZTE Anthem 4G, ZTE Grand X Max Plus, ZTE Obsidian, ZTE T-Mobile Sonic 2.0 Mobile Hotspot, ZTE Source (a.k.a. ZTE N9511), ZTE T-Mobile 4G LTE Hotspot Z915, ZTE Max, ZTE Zmax, ZTE ZMAX Pro, ZTE Concord sold or otherwise distributed by or through T-Mobile and/or ZTE (the "'174 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'174 ZTE Devices."

20. The '174 Defendants directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 ZTE Devices. The '174 Defendants also directly infringe the '174 patent by making, using, selling, offering to sell, and/or importing the '174 ZTE Devices to practice the claimed methods. The '174 Defendants are thereby liable for direct infringement.

21. Additionally, the '174 Defendants are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '174 ZTE Devices to practice the claimed methods.

22. On information and belief, each 174 Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via ETSI. In the alternative, the '174 Defendants have had knowledge of the '174 patent, at least as early as service of the Original

Complaint in *Cellular Communications Equipment LLC v. HTC Corp., et al.,* Civil Action No. 6:13-cv-507.

23. On information and belief, despite having knowledge of the '174 patent, the '174 Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including their customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19. The '174 Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '174 ZTE Devices — have and continue to actively induce infringement.

24. The '174 Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via https://www.zteusa.com/support_page/, https://support.t-mobile.com/welcome, http://www.att.com/esupport, and other instructional materials and documentation provided or made available by the '174 Defendants to customers after purchase) that specifically teach or encourage the customers and other end users to use the '174 ZTE Devices in an infringing manner. By providing such instructions, the '174 Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

25. On information and belief, the '174 Defendants named in this Count have known and know that their products accused of infringing include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '174 patent and are not staple articles of commerce suitable

for substantial non-infringing use.

26. Specifically, each of the '174 ZTE Devices contain at least a baseband processor which contains functionality that is specifically programmed and/or configured to maintain a transmit power difference as claimed in claims 1, 6, 9, 14, 18, and 19 of the '174 patent.

27. On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, the '174 Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, the '174 Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

28. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

29. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import the '174 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

30. CCE has been damaged as a result of the '174 Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately

compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

31. CCE incorporates paragraphs 1 through 30 herein by reference.

32. CCE is the assignee of the '8,923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8,923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '8,923 patent is attached as Exhibit B.

33. The '8,923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34. Defendants ZTE, AT&T, Sprint, Verizon, and T-Mobile have and continue to directly infringe one or more claims of the '8,923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 24, 26, and 32, by, among other things, making, using, offering for sale, selling and/or importing ZTE mobile devices, including, for example: ZTE Avid 4G, ZTE AVID 828, ZTE Axon, ZTE Axon Pro, ZTE AXON 7, ZTE AXON 7 Mini, ZTE Blade V8 PRO, ZTE Citrine LTE, ZTE Grand Memo II LTE, ZTE Grand S Pro, ZTE Grand X 4, ZTE Imperial, ZTE Imperial II, ZTE Jetpack 4G LTE Mobile Hotspot 890L, ZTE Max Duo LTE, ZTE MF253, ZTE Midnight PRO LTE, ZTE Nubia 5S Mini LTE (a.k.a. ZTE Nubia Z5s Mini LTE), ZTE Overture 2, ZTE Rapido LTE, ZTE 4G LTE Router with Voice, ZTE Source (a.k.a. ZTE N9511), ZTE Supreme, ZTE Unite, ZTE Unite II, ZTE Unite III, ZTE Warp Sync, ZTE Zpad Tablet, ZTE AVID 916, ZTE Blade Spark, ZTE Blade X

Max, ZTE CYMBAL-G LTE, ZTE CYMBAL-C LTE, ZTE CYMBAL-T LTE, ZTE CYMBAL Z-320, ZTE Jasper LTE, ZTE Majesty Pro LTE, ZTE Max XL, ZTE ZFIVE 2 LTE (a.k.a. ZTE Zive 2 LTE), ZTE ZFIVE L LTE, ZTE ZMAX Champ LTE, ZTE Avail, ZTE Z221 GoPhone, ZTE Z431 GoPhone, ZTE Concord, and ZTE ZMAX Grand LTE, sold or otherwise distributed by or through ZTE; the ZTE Fanfare 2, ZTE Grand X Max 2, ZTE Grand X Max Plus, ZTE Grand X3, ZTE AT&T Home Base, ZTE ZMAX 2, ZTE Mobley, ZTE Maven, ZTE Maven 2, ZTE Sonata 3, ZTE Trek 2, ZTE AT&T Velocity, ZTE Compel, ZTE Overture (Z995), ZTE Z998 GoPhone (ZTE Unico LTE), ZTE ZMAX 2, ZTE Radiant, ZTE Avail 2, ZTE Sonata 4G, ZTE Preclude, and ZTE Velox sold or otherwise distributed by or through AT&T and/or ZTE (the "'8,923 AT&T Mobile Devices"); the ZTE Sprint LivePro, ZTE Max + (a.k.a. ZTE Max Plus), ZTE Pocket Wi-Fi, ZTE Prestige, ZTE Speed (a.k.a. ZTE N9130), ZTE Tempo, ZTE Warp 4G, ZTE Warp 7, ZTE Warp Elite, ZTE Sprint Flash, ZTE Sprint Force, ZTE Sprint Vital (N9810), ZTE Warp Sync, and ZTE Warp Sequent, sold or otherwise distributed by or through Sprint and/or ZTE (the "'8,923 Sprint Mobile Devices"); the ZTE Blade Vantage Prepaid and ZTE Cymbal LTE sold or otherwise distributed by or through Verizon and/or ZTE (the "'8,923 Verizon Mobile Devices"); and the ZTE Avid Plus, ZTE Avid Trio, ZTE Anthem 4G, ZTE Grand X Max Plus, ZTE Obsidian, ZTE T-Mobile Sonic 2.0 Mobile Hotspot, ZTE Source (a.k.a. ZTE N9511), ZTE T-Mobile 4G LTE Hotspot Z915, ZTE Max, ZTE Zmax, and ZTE ZMAX Pro, sold or otherwise distributed by or through T-Mobile and/or ZTE (the "'8,923 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'8,923 ZTE Devices."

35. Defendants directly infringe the apparatus claims of the '8,923 patent by making, offering to sell, selling, and/or importing the '8,923 ZTE Devices. Defendants are thereby liable for direct infringement.

36. On information and belief, ZTE and AT&T test, make, use, offer for sale, sell, and/or import '8,923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

37. On information and belief, ZTE and Sprint test, make, use, offer for sale, sell, and/or import '8,923 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

38. On information and belief, ZTE and Verizon test, make, use, offer for sale, sell, and/or import '8,923 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

39. On information and belief, ZTE and T-Mobile test, make, use, offer for sale, sell, and/or import '8,923 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, ZTE and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

40. On information and belief, Defendants have had knowledge of the '8,923 patent, at least as early as service of the Original Complaint in *Cellular Communications Equipment*

*LLC v. HTC Corp., et al.,* Civil Action No. 6:13-cv-511. Despite having knowledge of the '8,923 patent and knowledge that they are directly infringing one or more claims of the '8,923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '8,923 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

41. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JOINDER OF PARTIES**

42. CCE incorporates paragraphs 1 through 41 herein by reference.

43. On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from ZTE certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I and II (or some subset thereof). Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with ZTE.

44. The alleged infringements set forth in Counts I and II arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the ZTE mobile devices made the subject of Counts I and II.

45. Questions of fact common to all Defendants will arise in this action including,

for example, infringement by, or through use of, ZTE mobile devices.

46. Thus, joinder of ZTE, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a. Judgment that one or more claims of the '174 and '8,923 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b. Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Defendants' infringements relative to the '174 and '8,923 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f. That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances

**Dated: November 15, 2017**                    Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice, II
Texas Bar No. 24093263

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
mbond@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com

Edward R. Nelson, III
ed@nelbum.com
Texas Bar No. 00797142
Thomas C. Cecil
tom@nelbum.com
Texas Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Claire Abernathy Henry
claire@wsfirm.com
Texas Bar No. 24053063
Thomas John Ward, Jr.
jw@wsfirm.com
Texas Bar No. 00794818
Wesley Hill
wh@wsfirm.com
Texas Bar No. 24032294

>Ward, Smith & Hill, PLLC
>PO Box 1231
>1507 Bill Owens Pkwy
>Longview, Texas 75604
>Phone: (903) 757-6400
>Fax: (903) 757-2323
>
>**ATTORNEYS FOR PLAINTIFF**
>**CELLULAR COMMUNICATIONS**
>**EQUIPMENT LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 15, 2017.

>*/s/ Jonathan H. Rastegar*